**KELLER–DORIAN COLORFILM CORPO-
RATION v. EASTMAN KODAK CO.**

**KELLER–DORIAN COLORFILM CORPO-
RATION v. EASTMAN KODAK CO.
et al.**

Civ. Nos. 48-168, 48-169.

United States District Court
S. D. New York.
Aug. 25, 1949.

Fitelson, Mayers & London, New York City, for plaintiff, Bertram A. Mayers, Harold J. Sherman, Milton Black, C. O. Donahue, New York City, of counsel.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, William J. Donovan, J. Edward Lumbard, Jr., James R. Withrow, Jr., New York City, Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., T. Carl Nixon, Arthur L. Stern, Rochester, N. Y., for defendant, Eastman Kodak Co., Ira C. Werle, Lloyd F. Mac-Mahon, Joseph J. Laub, New York City, of counsel.

Fulton, Walter & Halley, for defendants, Technicolor, Inc. and Technicolor Motion Picture Corporation, Hugh Fulton, Joseph W. Burns, George T. Frampton, New York City, of counsel.

CONGER, District Judge.

Motions by defendant Eastman Kodak Company in each of the above cases:

(1) Vacating and setting aside the order of November 19, 1948 granting plaintiff leave to serve notice of taking of depositions of Thomas Jean Hargrave and Edward P. Curtis and the plaintiff's notice dated November 19, 1948;

(2) That depositions shall not be taken by the plaintiff of Thomas Jean Hargrave nor Edward P. Curtis nor of any officers, employees or agents of the defendant Eastman Kodak Company until issue is joined

herein and until after taking by the defendant Eastman Kodak Company of the depositions of certain present or former officers, directors, or agents of the plaintiff.

When these motions were argued before me I was of the opinion that I should regulate the examination and control its scope. A study of the papers submitted to me, both in support of, and in opposition to the motions, (including the briefs) convinces me that I was wrong and what I had proposed to the attorneys was something I had no concern with on these particular motions; that my proposed modification of the scope of the examination was beyond the boundaries of the motions. As plaintiff's brief very well points out the scope of the examination is not relevant to the issue on these motions, neither is plaintiff's right to an examination raised here.

Defendant contends that plaintiff had no right to an examination at this time; that plaintiff has shown no fact, reason or circumstances whatever for granting leave to serve the notices to take the depositions asked for, simultaneously with the service of the complaint; that the order permitting the service of the notices of examination should be vacated.

Plaintiff filed its complaints in these actions on November 19, 1948 and on the same day obtained an ex parte order from Judge Hulbert, of this Court, granting plaintiff leave to serve simultaneously with the service of its complaints notice to take the deposition of two of defendant's officers. On the same day (November 19, 1948) the complaints, ex part orders and the notices of examination were served on the defendant. The examinations were noticed for December 15 and 16, 1948. The examinations have been stayed until an entry of an order determining these motions.

Defendant appeared in these actions through its attorneys on November 30, 1948. Issue has not yet been joined.

In support of its contention defendant argues that by the procedure initiated by plaintiff, defendant is being deprived of its substantial right to examine first and that "the normal and usual procedure is that the defendant first examine the principal officers and witnesses of the plaintiff."

I know of no such rule or procedure. I know of no procedure under our rules which declares that there shall be such a priority in favor of the defendant.

Under Rule 26(a), before amendment, Federal Rules of Civil Procedure, 28 U.S. C.A., it was generally held that priority went to the party first serving the notice for examination. Ginsberg v. Railway Express Agency, Inc., D.C., 6 F.R.D. 371. I so held in Grauer v. Schenley Products Co., D.C., 26 F.Supp. 768. This Rule, however, was not inflexible and might be varied. Hillside Amusement Co. v. Warner Bros. Pictures, D.C.S.D.N.Y.1942, 2 F.R.D. 275.

This did give defendant a certain advantage, because under the old Rule, after the answer had been served, either party could serve a notice to take a deposition, without leave of the Court. This gave a practical advantage to the defendant who would normally and naturally serve the notice to take the deposition with the answer. I do not regard this, however, as any argument that the Rule makers recognized that defendants were by right entitled to a priority.

True, under the old Rule after jurisdiction was obtained over the defendant either party, by leave of the Court, might take depositions. I was always chary of granting such leave. I felt that leave should generally only be granted if some special circumstances were shown. I so held in Munson Line v. Green, D.C., 6 F.R.D. 14.

I never regarded this Rule of procedure as being inflexible either. However, if we assume that that was the well established rule of procedure and if we apply it to plaintiff's application for the taking of the deposition of defendant's officers, then its order is not valid. It does not show any special reason therefor. By that I mean "emergency reasons" and/or reasons such as I mentioned in the opinion of the Munson case.

Rule 26(a) was recently amended to provide that any party might take the deposition of any person, including a party after commencement of the action except that a plaintiff may not, without leave of the

434

Court, take such depositions if notice of the taking is served by the plaintiff within 20 days of the commencement of the action.

This created a radical change in the old Rule. I have been unable to find any case interpreting this amendment. The attorneys in the case have not found any. This seems to be a matter of first impression. One gets no aid from a mere reading of this Rule.

■ The report of the Advisory Committee on Amendments to Rules does shed some light on the subject. See "Note. Subdivision (a)" following New Rule 26. 5 F.R.D. 453. The Revisor's note is most persuasive. In the absence of clarity in the Rule itself, the Revisor's notes are most persuasive. As I read the note, it indicates an intent to broaden the former Rule so that now either party may start taking depositions after the complaint is served but with a 20 day delay period against the plaintiff (except by order of the Court), and this only as the note says because it is a protection for a defendant who has not had an opportunity to retain counsel and inform himself of the nature of the suit.

I believe that the Rule makers in that case intended that the plaintiff should go to Court for leave so that the Court might protect such a defendant, one without an attorney and one who was not informed of the nature of the proceeding.

■ This defendant did not need the protection of the Court in those respects. It had attorneys and it appeared in the action before the expiration of the 20 days and about 2 weeks before the date set for the taking of the deposition. There can be no question but that this defendant at a consultation with its attorney, with the complaint before them, could have been and must have been informed of the "nature of the suit." My interpretation of the intent of the Rule is corroborated by the last sentence of the Revisor's note which reads as follows: "The modified practice here adopted is along the line of that followed in various states. See, e. g., 8 Mo.Rev.Stat. Ann. 1939, § 1917; 2 Burns' Ind.Stat.Ann., 1933, § 2-1506."

In both Indiana and Missouri the statutes and the cases interpreting the statutes, either party without limitation, has the right to take deposition, anytime after the suit is pending and/or after the complaint is served.

I, therefore, deny the motions made by defendant Eastman Kodak Company.

A similar motion has been made in the second action by Technicolor, Inc. and Technicolor Motion Picture Corporation. The above opinion applies to them as well as to Eastman Kodak Company. The motion of these defendants is denied.

If, as claimed by these defendants, my ruling against them will cause undue and great hardship, they of course may apply for relief to the Court under other and appropriate provisions of the Federal Rules of Civil Procedure.

I think I should make it plain here now that I am here passing on a very narrow issue of whether or not I should vacate plaintiff's notice of taking depositions. I am not passing on any other relief which may be afforded by the Rules to these defendants such as Rule 30(a) or 30(b).

The defendants Technicolor, Inc. and Technicolor Motion Picture Corporation further move that all proceedings be stayed as to them in the second action until determination of Civil Action No. 7507-M brought against these defendants under the Anti-Trust laws by the United States of America in the District Court of the United States for the Southern District of California.

I can see no good reason at this time to stay this action. Plaintiff has a private statutory right to bring the action. Plaintiff has a right to pursue its cause of action separately and apart from the cause of the Government. The case of the Government may take a long time to try. Plaintiff's case certainly should not be stayed at this early stage to await the determination of the Government's case.

This branch of the motion is denied.

Settle order on notice.