**K. J. SCHWARTZBAUM, INC., individually on behalf of itself and all others similarly situated, Plaintiff,**

v.

**EVANS, INC., Defendant.**

**No. 68 Civ. 104.**

United States District Court
S. D. New York.

Jan. 15, 1968.

Feuerstein & Underweiser, New York City, for plaintiff (Bernard A. Feuerstein, New York City, of counsel).

## OPINION

MacMAHON, District Judge.

This is an ex parte application by plaintiff under Rule 26(a), Fed.R.Civ.P., for leave to serve notice of the taking of defendant's deposition prior to the expiration of 20 days after commencement of this action. The applicable clause of Rule 26(a) provides that: "After commencement of the action the deposition may be taken without leave of court, except that leave, granted *with or without notice*, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action." (Emphasis added.) There is no showing that defendant has even been served with the summons and complaint, but under Rule 3, Fed.R.Civ.P., the action is commenced upon the filing of the complaint.

Plaintiff apparently seeks to gain priority in taking depositions without giving defendant notice and an opportunity to be heard in opposition. See Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 9 F.R.D. 432 (S.D.N.Y.1949). Priority usually follows the order of service of notice. The rule is not inflexible, however, and under Civil Rule 4 of this court, from and after 40 days from commencement of the action the other party may take depositions concurrently with the deposition noticed or commenced earlier.

While Rule 26(a) expressly authorizes ex parte procedure, it does not dispense with the fundamental requirement that the applicant for ex parte relief must make a clear and specific showing by affidavit of good and sufficient reasons why procedure other than by notice of motion is necessary. Even an ordinary order to show cause bringing on a motion demands that much. Rule 9(c)(4), General Rules of the United States District Courts for the Southern and Eastern Districts of New York. Surely the very requirement of Rule 26(a) that leave be obtained demands the exercise of the court's discretion, which in turn must be based upon a showing of some significant reason for failing to give the opposing party notice and an opportunity to be heard.

The reason the plaintiff must ordinarily wait 20 days before taking depositions is to afford the defendant an opportunity to retain an attorney before submitting to depositions. It was recognized, however, by the Advisory Committee on Rules for Civil Procedure that an emergency situation might arise where it would be necessary for plaintiff to take depositions before the expiration of the 20-day period. It was, therefore, expressly provided that leave might be obtained without notice to the other party. Such situations were intended and, we think, should be limited to those which ordinarily serve

as the basis for the granting of all ex parte orders, such as a showing of some impelling urgency which necessitates action forthwith and excuses giving notice to the other party.* Cf. Rule 65(b) (2), Fed.R.Civ.P. If the emergency is great and time is limited, an ex parte order should issue. Thus, leave will be granted upon a showing that the desired testimony is in hazard of loss unless the deposition is taken forthwith. De Koninck v. Jordan International Co., 24 Fed.Rules Serv. 26a.16, Case 1 (E.D.N.Y.1957).

Plainly the court should require some special reason from the plaintiff before granting leave to serve a notice to take depositions within the 20-day period. 4 Moore, Federal Practice ¶ 26.09 [3] (2d ed. 1966). We are not unmindful of the late Judge Conger's decision in Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., supra, holding that plaintiff need not show any special reason to obtain leave. The rule of the *Keller-Dorian* case, however, has not been followed, and later Judge Conger, himself, in Bank of America Nat. T. & S. Ass'n v. Universal Pictures Co., 13 F.R.D. 513 (S.D.N.Y. 1952), conditioned the granting of an ex parte order under Rule 26(a) upon a showing of unusual or special circumstances. This thesis is carried over into the most recent proposed amendments.

The November 1967 proposed amendments to the rules provide in Rule 30(b) (2) that: "Leave of court is not required for the taking of a deposition by plaintiff if the notice (A) states that the person to be examined is about to go out of the district where the action is pending and more than 100 miles from the place of trial, or is about to go out of the

United States, or is bound on a voyage to sea, and will be unavailable for examination unless his deposition is taken before expiration of the 20-day period, and (B) sets forth facts to support the statement." The proposed amendment also provides that if the party served with such a notice shows that he was unable, in the exercise of due diligence, to obtain counsel to represent him at the taking of the deposition, the deposition may not be used against him.

Thus, from the promulgation of the Federal Rules to the present, plaintiff's right to take a deposition prior to the expiration of 20 days after commencement of the action has been predicated upon a showing by affidavit of urgent circumstances which necessitate the taking of the deposition forthwith and which excuse giving notice to the other party.

■ The instant application shows no necessity whatever either for proceeding ex parte or for taking defendant's deposition forthwith. The only grounds advanced for the relief sought are that the evidence concerning the claims alleged in the complaint "is exclusively within the defendant's possession," and the plaintiff "desires the speediest adjudication" of the action. Manifestly, these reasons are insufficient. No reason for proceeding without notice is given. Evidently, a show cause order could be readily served upon the defendant. No claim is made that the desired testimony is in hazard of loss. No urgency whatever is asserted to exist. There is no showing of any immediate necessity to take the deposition. Avowedly, plaintiff seeks the testimony in order to obtain a speedy adjudication of this action. Just why that remote objective in this antitrust treble

---

* As Mr. William D. Mitchell, Chairman of the Advisory Committee, put it: "I say that the only emergency that justifies an order without notice to the party is a condition of fact which makes necessity of giving notice to the [other] party destroy the right. In other words, suppose a man has a ticket to leave on a steamer the next day at nine o'clock in the morning. If you are going to give the other side notice of the application to take a deposition, you lose the opportunity to take the deposition. You wouldn't ask the other side to come in on notice at midnight. The court in that case would grant the order without notice." Excerpt from transcript of the Proceedings of the Advisory Committee on Rules of Civil Procedure, Vol. I, dated March 25–28, 1946, Washington, D. C.

damage action requires this ex parte order is not shown anywhere in the moving papers.

Accordingly, the application is denied. So ordered.