Gary GIBSON, Plaintiff,

v.

BAGAS RESTAURANTS, INC., a Missouri Corporation, Richard Biederman, President, Richard and Barbara Biederman, Defendants.

No. 80–0377–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

May 8, 1980.

Robert Gingrich, Jr., Kodas, Reed, Gingrich & McFadden, P. C., Kansas City, Mo., for plaintiff.

Thomas Brooks, Overland Park, Kan., for Bagas Restaurants, Inc.

Ward Stuckey, Gunn, Stuckey & Werner, Kansas City, Mo., for defendants.

John R. Shank, Von Erdmannsdorff, Zimmerman & Shank, Kansas City, Mo., for Biedermans.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

On April 15, 1980, Gary W. Gibson, plaintiff herein, filed a shareholder's derivative action in this Court against Bagas Restaurants, Inc., Richard Biederman and Barbara Biederman. That same day, this Court entered an order commanding the defendant Bagas Restaurants, Inc. to appear before the Court on May 23, 1980 and show cause why a temporary restraining order should not be issued and a receiver appointed to handle the business and affairs of the corporation during the pendency of this lawsuit. Plaintiff has now filed an ex parte motion seeking leave of court to depose certain witnesses within 30 days after the service of process upon the defendant Bagas. Service of process allegedly was obtained upon Bagas on April 24, 1980, and plaintiff requests leave of court to depose four named witnesses on May 16, 1980. Plaintiff contends that he cannot adequately prepare for the show cause hearing unless he is granted leave to depose these witnesses prior to the hearing date.

Ordinarily, it is not necessary to procure leave of court in order to take a deposition. However, Fed.R.Civ.P. 30(a) provides that, except in circumstances not applicable here, leave of court must be obtained if the plaintiff seeks to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon the defendant. The primary purpose of this requirement is to protect "a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit." Advisory Committee's Note, 48 F.R.D. 487, 513 (1970), quoting from 3A Barron & Holtzoff, *Federal Practice and Procedure* 455–56 (Wright ed. 1958). Consequently, before a court will grant a plaintiff's ex parte application to take depositions within the 30-day period, the plaintiff must "make a strong showing of necessity," 4A Moore's Federal Practice ¶ 30.54[2], at 30-65 (2d ed.1980), and "[m]ost courts have thought that leave should be granted only when some unusual circumstances or conditions existed that would be likely to prejudice the party if he were compelled to wait the required time." 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2104, at 384 (1970).

Turning to the facts of the present case, the Court is not persuaded that plaintiff has met his burden of showing "unusual circumstances" which warrant taking depositions prior to the expiration of 30 days after service of process upon the defendant. Plaintiff simply asserts that he wishes to engage in discovery so that he will be better prepared for the show cause hearing scheduled for May 23, 1980. The witnesses whose depositions plaintiff seeks to take apparently have certain documents and records in their possession which plaintiff desires to examine prior to the show cause hearing. Plaintiff thus contends that this is "basically a discovery process and should be done prior to the evidentiary hearing . . . in order to conserve the time and resources of the Court."

Although the plaintiff's concern for the time and resources of the Court is appreciated, the Court does not believe that

this is sufficient justification to authorize the taking of depositions within the protected 30-day period. Other courts have indicated that only in an exceptional case, where the plaintiff has shown some compelling urgency which necessitates the immediate taking of depositions, will leave be granted to take expedited depositions. *See K. J. Schwarzbaum, Inc. v. Evans, Inc.,* 279 F.Supp. 422, 423–24 (S.D.N.Y.1968); *Caribbean Const. Corp. v. Kennedy Van Saun Mfg. & Eng. Corp.,* 13 F.R.D. 124, 125 (S.D. N.Y.1952). As was stated in *Babolia v. Local 456,* 11 F.R.D. 423, 424 (S.D.N.Y. 1951),

> [I]f the prospective witness is about to leave the jurisdiction permanently, or for a long period; or if the prospective witness is infirm, it may be appropriate to expedite the taking of his deposition. Other possible circumstances leading to the same result may be envisaged. In the absence of some valid, affirmative reason for making an exception to the time limitation, leave to serve notices of taking depositions prior to the expiration of the prescribed period, should not be granted.

In addition to the foregoing, the Court also notes that the single case cited by plaintiff in support of his Rule 30(a) motion, *C. Albert Sauter Co. v. Richard S. Sauter Co.,* 57 F.R.D. 537 (E.D.Pa.1972), provides no authority for plaintiff's position. Plaintiff refers to this case as one where leave of court was granted to take depositions on the same day the complaint was filed because an expedited hearing on a preliminary injunction had been scheduled. An examination of that case, however, reveals that leave of court to take depositions was neither sought nor granted. Although depositions apparently were taken the same day the suit was filed, the Court's opinion indicates that this was done as a result of an agreement between counsel and the defendant consented to the deposing of the witnesses. *See id.* at 538. Hence, it is clear that the *Sauter* court never reached the question of whether this was an exceptional case which justified the court granting leave to depose witnesses within 30 days of service of process.

In conclusion, since plaintiff has failed to convince the Court that unusual or special circumstances exist which necessitate the immediate taking of depositions, plaintiff's motion must be denied. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave of court to take depositions prior to the expiration of 30 days after service of process be, and the same is hereby, denied.