CPC INTERNATIONAL, INC., Plaintiff,

v.

ALBURY SALES CO., INC. et al., Defendants.

No. 80–1281–CIV–EPS.

United States District Court, S. D. Florida.

Dec. 23, 1980.

---

William E. Levin, Miami, Fla., for plaintiff.

Joel S. Fass, Miami, Fla., for defendants.

## FINAL ORDER AND JUDGMENT

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiff's Complaint, Affidavits and Exhibits alleging Federal Trademark Infringement, Federal Unfair Competition, State Trademark Infringement, Trademark Counterfeiting, Common Law Unfair Competition, Injury to Business Reputation and Unfair Deceptive Trade Practices. Plaintiff prayed for relief by way of preliminary and permanent injunctions; delivery by the Defendants of all signs, labels, advertising, promotional materials, plates, molds, matrices and other means of making infringing materials; and that it be awarded damages and the Defendants' profits; exemplary damages, costs and reasonable attorney's fees.

The Defendants answered denying all of Plaintiff's allegations.

An emergency temporary restraining order was entered by this Court on May 30, 1980. On June 5, 1980, a stipulated prelimi-nary injunction was signed by the parties and approved by the Court.

A default judgment was entered against the corporate defendant on July 22, 1980. Summary Judgment on the issue of damages was entered against the corporate defendant on October 9, 1980. Summary Judgment was entered subsequently on October 28, 1980 against the individual defendants Alexander H. LeGault and Michael J. DeMotts. Defendant J. C. Holmes, having never been served, was dismissed as a party to this action.

The documentary evidence submitted by the Plaintiff and not rebutted by the defendants shows the following:

1. Plaintiff is the owner of the federal trademark registrations No. 83,639 for Mazola for "edible corn oil" and No. 721,414 for Mazola for "margarine" which registrations are in full force and effect.

2. Plaintiff owns registrations of Mazola for corn oil and margarine in foreign countries, including Saudi Arabia and Kuwait.

3. Plaintiff owns a registration of the trademark Mazola for corn oil in the State of Florida.

4. Plaintiff actively sells Mazola corn oil in the United States and in foreign countries, including the Middle East.

5. Defendants solicited orders for Mazola corn oil from potential customers in the Middle East, assuring them that only genuine Mazola corn oil would be supplied.

6. Defendants filled orders for Mazola corn oil with oils of undetermined origin, in gallon containers bearing labels that simulated Plaintiff's labels and bore the trademark Mazola, but which oil and labels were not the oil and labels of the Plaintiff.

7. In all instances documentation presented to banks against letters of credit indicated that the oil shipped was Mazola brand corn oil, as required by the letters of credit, when, in fact, the corn oil shipped was not Mazola brand corn oil.

8. The sales of spurious oil as Mazola oil as shown by the documents in evidence totals one million seventeen thousand six hundred and twenty-five dollars ($1,017,-625.00).

9. Plaintiff would have grossed an additional two hundred forty thousand eight hundred ninety-four dollars and thirty cents ($240,894.30) if it had sold its own corn oil to the same customers.

10. Defendants had no authority or license from the Plaintiff to sell corn oil or any other food products as Mazola corn oil.

Whereupon, it is

ORDERED AND ADJUDGED as follows:

A. As provided in 15 U.S.C. § 1116, defendants Albury Sales Company, Inc., Alexander LeGault and Michael DeMotts and each of them their agents, distributors, employees and all persons working in privity, concert or participation with them be and the same are hereby permanently enjoined from: 1) using the trademark Mazola or any name or mark similar to Mazola in connection with or on or in the advertisement or promotion of any oil or food products for human consumption; 2) the use of any colorable imitation of Plaintiff's containers and/or labels for its Mazola corn oil or margarine in any manner in connection with the sale and/or advertising of oil or other food products for human consumption; and 3) competing unfairly with Plaintiff in any manner and, particularly, in the use of the names and marks Mazola, or any designations confusingly similar thereto, and palming off goods not of Plaintiff's manufacture as the goods of Plaintiff and falsely describing and designating or representing the origin of Defendants' goods and services.

B. As provided in 15 U.S.C. § 1117, the Defendants Albury Sales Company, Inc., Alexander LeGault and Michael DeMotts and each of them shall pay to Plaintiff, CPC International Inc., the sum of one million seventeen thousand six hundred twenty-five dollars ($1,017,625.00), the amount of the Defendants' sales of corn oil sold as or bearing a false label of Mazola corn oil which amount defendants were entitled to offset by showing their costs of sales but which Defendants failed to do; two hundred forty thousand eight hundred ninety-four dollars and thirty cents ($240,894.30), the amount in excess of the Defendants' profits which Plaintiff has shown as lost sales to it and which amount shall be trebled in view of the circumstances of this case, for a total of seven hundred twenty-two thousand six hundred eighty-two dollars and ninety cents ($722,682.90); the attorneys' fees of Plaintiff, in view of the exceptional nature of this case and the Defendants' willful infringement of Plaintiff's rights in the amount of fifty-one thousand dollars ($51,000.00); and the costs of this action in the amount of five thousand six hundred seventy-nine dollars and eighty cents ($5,679.80). The total amount of damages recoverable by the Plaintiff is one million seven hundred ninety-six thousand nine hundred eighty-seven dollars and seventy cents ($1,796,987.70); and said amount shall bear interest at the rate of eight per cent (8%) per annum, from the date of this judgment, as provided pursuant to 28 U.S.C. § 1961 and Fla.Stat. § 55.03. The defendants shall be jointly and severally liable for the full amount of said monetary award.

C. As provided by this Court's Order of December 2, 1980, execution on the monetary award in this judgment shall issue immediately and forthwith, without further request by the Plaintiff or its attorneys and without praecipe, and the Clerk is directed to issue, and the Marshal is directed to serve, all necessary writs, including writs of execution and writs of garnishment or attachment, without any further delay.

D. As further provided in this Court's December 2, 1980 Order, the defendants and each of them shall produce, by filing with the Clerk's Office in Miami, Florida, or by delivery to the offices of John Cyril Malloy, P.A., within three (3) days of the date of this Judgment, upon penalty of contempt, the following documents: All documents in the possession, custody or control of the defendants and each of them, or copies or duplicates thereof, which in any way identify, show or refer to, the existence, location, identity, nature, or quantity of any and all assets as to which the defendants or any of them have ownership or possessory interest in, whether by way of sale, transfer, assignment, lease, mortgage, license, bailment or otherwise, such assets

to include but not be limited to the following: 1) all bank accounts of the Defendants and each of them; 2) all real property of the Defendants and each of them; 3) all personal property of the Defendants and each of them; 4) all debts, liquidated or not, owed to the Defendants and each of them; 5) all automobiles of the Defendants and each of them; 6) all monies owed to the Defendants and each of them; 7) all of the accounts receivable of the Defendants and each of them; and 8) any other property in which the Defendants or each of them have or claim any interest whatsoever.

E. The Court expressly reserves continuing jurisdiction to enforce the provisions of this Judgment, including but not limited to the production of documents as set forth above, the injunctive provisions set forth in Paragraph A above, proceedings in aid of execution or other proceedings supplementary to and in aid of this Judgment, whether by way of additional discovery or contempt; provided, however, that the Court's reservation of jurisdiction shall not divest any other competent court from having jurisdiction to enforce the terms of this judgment.