548 F.Supp. 248 (1982)
FIMAB-FINANZIARIA MAGLIFICIO BIELLESE FRATELLI FILA S.p.A. and Fila Sports, Inc., Plaintiffs,
v.
Bruce KITCHEN, Roy Gusow, Sherley Gusow and Woodmont Country Club, Inc., Defendants.
Civ. A. No. 82-6162-CIV-JCP.
United States District Court, S. D. Florida.
March 23, 1982.
John Cyril Malloy, P.A., William E. Levin, Miami, Fla., Flehr, Hohbach, Test, Albritton *249 & Herbert, Elmer S. Albritton, Reginald J. Suyat, Alvin H. Pelavin, San Francisco, Cal., for plaintiffs.
Joel S. Fass, Colodny & Fass, North Miami, Fla., for Roy Gusow and Sherley Gusow.
Joseph W. Beasley, Kelly, Black, Black & Earle, P.A., Miami, Fla., Steven N. Fayne, Tiballi & Fayne, Fort Lauderdale, Fla., for Woodmont Country Club, Inc.

ORDER GRANTING PLAINTIFFS' REQUEST FOR IMMEDIATE DEPOSITION OF DEFENDANTS, ORDER OF SEIZURE AND FURTHER RELIEF
PAINE, District Judge.
THIS CAUSE came before the Court upon the verified Complaint For Trademark And Trade Name Infringement And Unfair Competition, Plaintiffs' Application For Temporary Restraining Order And Preliminary Injunction, Plaintiffs' Application For Order Of Immediate Deposition Of Defendants, Order Of Seizure And Further Relief, the memorandums of law in support of those applications, and evidentiary materials submitted by plaintiffs, including one of the putative FILA warm-up suits sold or offered for sale by defendants, and the declarations filed by plaintiffs of Samuele Azaria, Elmer S. Albritton, William E. Levin, Rose LaFlamme and Carlos R. Romero.
The Court has concurrently herewith granted plaintiffs Order To Show Cause For Preliminary Injunction With A Temporary Restraining Order, on an ex parte basis. The Court also now grants plaintiff's Order For Immediate Deposition Of Defendants, Order Of Seizure And Further Relief, for the reasons discussed below.
The Court finds that plaintiffs have made a prima facie showing that defendants are selling and offering for sale and importing into the United States counterfeit FILA warm-up suits which are virtually identical imitations of plaintiffs' trade name and registered trademarks, including its "F" logo, which are being passed off as genuine FILA products. The Court has examined and compared the sample of defendants' counterfeit FILA warm-up suit with the genuine FILA warm-up suit submitted to the Court by plaintiffs.
The Court also finds that the plaintiffs have made a sufficient showing under Rule 65(b), Federal Rules of Civil Procedure, that plaintiffs and their attorneys have taken steps to avoid giving any notice to the defendants of this proceeding, and that the giving of notice to the defendants would be likely to result in the disappearance of the counterfeit FILA goods and related records, or the "dumping" or transfer of the counterfeit goods to unknown third parties, jeopardizing plaintiffs' ability to prevent irreparable injury, to stop the distribution of counterfeit FILA products, and to determine the source and extent of the defendants' dealings in the counterfeit FILA products. Plaintiffs have brought to the Court's attention the bourgeaning case law around the country which have recognized and approved as both appropriate and necessary judicial relief the granting of temporary restraining orders without notice, expedited discovery, and immediate seizure by the United States Marshal of counterfeit goods.
Most of these cases are unreported. In this judicial district, such relief has been granted many times in trademark counterfeiting cases. See, e.g., Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Sebelen, Civil Action No. 81-1058-CIV-JE (S.D.Fla.1981) (the same plaintiffs here); Playboy Enterprises, Inc. v. P. K. Sorren Export Company, Inc. of Florida, 546 F.Supp. 987 (S.D.Fla.1982). There are several reported decisions in this judicial district alone. NEA Enterprises, Inc. v. Zack's, 209 USPQ 566 (S.D.Fla.1980); CPC International Inc. v. Albury Sales Co., Inc., 504 F.Supp. 549 (S.D.Fla.1980), appeal dismissed (5th Cir. 1981). The weight of authority around the country appears to favor the granting of ex parte seizure orders in trademark counterfeiting cases, where fake versions of well-known brands are deliberately passed off to the public as the genuine article. See, e.g., Jordache Enterprises, Inc. v. Mustell Fashions, Inc., San S. Lee and Lee Sportswear Co., 80 Civ. 5291 (S.D.N.Y. *250 1980); Calvin Klein Company and Centerfold Industries, Inc. v. Snooty Tooty's, 80 Civ. 2448 (D.C.Kan.1980); Rock Tours, Ltd. v. Various John Does, 80-742-MA (D.Mass. 1980). In Cartier, Incorporated v. Bags `N' Things, Inc., Civil Action C82-34A (N.D.Ga. 1982), Judge Ward ordered seizure of counterfeits in the possession of any "John Does" identified later by plaintiffs, and later, when the John Does were identified as residents of a different judicial district, ordered seizure in that district. Many of these decisions derive from the recognition in the seminal case of In Re Vuitton et Fils S.A., 606 F.2d 1 (2d Cir. 1979) that "dumping" of counterfeit goods or transfer of counterfeit goods to unknown third parties, is a common practice in the counterfeiting industry. Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. Gibson v. Bagas Restaurants, 87 F.R.D. 60, 62 (W.D.Mo.1980). Such prejudice is frequently the case where a well-known trademark, such as plaintiffs here, has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff.
South Florida, in particular, is widely becoming known as a haven for counterfeiters, with the spectrum of products which have been prey to this contagion being limited only by the outer bounds of the human imagination. Designer clothing, wellknown watches, credit card companies, and even such items as MAZOLA corn oil have been slavishly copied. The public is deceived daily.
Although temporary restraining orders without notice should be entered only in the most unusual circumstances in which irreparable harm would otherwise occur, the plaintiff makes a showing of such circumstances in this case. Therefore, with some reluctance, it is hereby
ORDERED, ADJUDGED AND DECREED that the defendants shall appear for their depositions at the times indicated hereinafter and shall, to the extent not already seized by the United States Marshal, or persons acting under his supervision, produce all goods in their possession, custody or control which bear or display plaintiffs' name "FILA" and/or the "F" logo trademark, together with all documents, including Customs documents, referring or relating to defendants' purchases or obtaining of any such goods (whether or not presently in the custody of defendants) and relating to the sale or other disposition of such goods, at the offices of John Cyril Malloy, P.A., Suite 834, Alfred I. DuPont Building, 169 East Flagler Street, Miami, Florida 33131. The foregoing parties are to appear for their depositions according to the following schedule:

Bruce Kitchen April 1 , 1982_____
Roy Gusow April 1 , 1982_____
Sherley Gusow April 1 , 1982_____
Woodmont Country Club April 1 , 1982_____

provided in conformance with Rules 30 and 34 of the Federal Rules of Civil Procedure, that a copy of the Summons and Complaint, Order to Show Cause for a Preliminary Injunction with Temporary Restraining Order, and this Order are served upon defendants on or before the 25th day of March, 1982; and it is further
ORDERED, ADJUDGED AND DECREED that the United States Marshal for this judicial district, and persons acting under his supervision, shall, before the 25th day of March, 1982, seize and impound any and all infringing counterfeit FILA goods which the defendants are attempting to sell or are holding for sale, including any carton or container in which the counterfeit merchandise is carried or stored, and deliver the same up to the case and custody of this Court pending a further order of this Court; and that the United States Marshal, and persons acting under his supervision, shall consider as counterfeit all goods in the possession, custody or control of the defendants which bear or display the "F" logo and/or the name FILA, or such goods as identified by plaintiffs' agents; and that the United States Marshal be directed to seize the accounting invoices and any written information in connection with the purchase or sale of the counterfeit goods, including but *251 not limited to purchase orders, sales invoices, and the like, and allow plaintiffs and their attorneys to immediately inspect and copy same; and that the United States Marshal, and persons acting under his supervision, shall fully cooperate with plaintiffs, their attorneys, and agents to the end that representatives of the plaintiffs accompany the United States Marshal to identify the counterfeit goods and the above said records. The United States Marshal is directed in particular to seize any counterfeit FILA goods or related records as identified by plaintiffs or its attorneys or agents at 8340 Black Olive Drive, Tamarac, Florida, 5701 Linehill Road, Lauderhill, Florida, the golf or tennis Pro Shops at 7801 Northwest 80th Avenue, Tamarac, Florida, on the premises of Woodmont Country Club, and any vehicles at said premises in which said counterfeit goods are being stored or transported, including the blue and silver Datzun 280Z which has been identified to the Court by plaintiffs. The United States Marshal is empowered and directed to permit plaintiffs, their attorneys or agents, if defendants fail or refuse to identify such records or such records cannot otherwise be located, to search through all records of the defendants at the above-said premises to locate those records relating to the particular counterfeit goods. The United States Marshal is further directed to use all reasonably necessary force to accomplish the foregoing and is directed to take all steps reasonably possible to make the seizures at the above-said premises simultaneously and to otherwise prevent any of the defendants from contacting any of the other defendants while the seizures are being made in an effort to alert the other defendants; and it is further
ORDERED, ADJUDGED AND DECREED that plaintiffs may, upon three days notice, notice and subpoena the nonparty deponents who plaintiffs believes are in possession of the above-said counterfeit goods, or to whom plaintiffs believe the counterfeit goods have been shipped or sent by the defendants, whether or not located within this district, and to make limited document requests relating to the counterfeit goods to such persons, and it is further
ORDERED, ADJUDGED AND DECREED that if, after the above-said seizures are made, defendants or any of them, obtain the possession, custody or control of any additional quantity of the above-said counterfeit goods, whether by importation or otherwise, said defendant or defendants will immediately deliver the same into the custody of the United States Marshal or to the plaintiffs or their attorneys, to be stored until further order of this Court.