FIMAB–FINANZIARIA MAGLIFICIO BIELLESE FRATELLI FILA S.p.A. and Fila Sports, Inc., Plaintiffs,

v.

HELIO IMPORT/EXPORT, INC.; Helio A. Gonzalez, Day Casual, Inc.; and John Does 1 through 10, Defendants.

Civ. A. No. 83–1098.

United States District Court, S.D. Florida.

April 29, 1983.

John Cyril Malloy, P.A., Miami, Fla., Flehr, Hohbach, Test, Albritton & Herbert, Elmer S. Albritton, Stephen E. Baldwin, William E. Levin, Pelavin, Norberg, Harlick & Beck, Alvin H. Pelavin, San Francisco, Cal., for plaintiffs.

Helio A. Gonzalez, pro se.

ORDER ON PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, SEIZURE OF COUNTERFEIT GOODS AND FURTHER RELIEF, INCLUDING ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon the verified Complaint For Trademark and Trade Name Infringement And Unfair Competition; Plaintiffs' Application For Temporary Restraining Order, Preliminary Injunction, Seizure Of Counterfeit Goods, And Further Relief; the memorandum of law in support of that application; the evidentiary materials submitted by Plaintiffs, including samples of the allegedly counterfeit FILA goods sold and offered for sale by Defendants; and the Declarations filed by Plaintiffs of Alvin H. Pelavin, Elmer S. Albritton and Jim Beck.

The relief sought by Plaintiffs is hereby granted in part for the reasons set forth below.

The Court finds that Plaintiffs have made a prima facie showing that Defendants Helio Import, Inc. (hereinafter HELIO) and Helio A. Gonzalez (hereinafter GONZALEZ) are selling and offering for sale in this Judicial District, at an office and store in Miami, Florida, counterfeit FILA goods—that is, tennis shoes which bear virtually identical imitations of Plaintiffs' trade name and registered trademarks, including its "F" logo, which are being passed off as genuine FILA prod-

ucts. The Court has examined and compared the samples of Defendants' counterfeit FILA goods with the genuine FILA goods submitted to the Court by Plaintiffs, and the photographs thereof attached as Exhibits K and L to the verified Complaint, and finds the goods confusingly similar, at the very least, in view of the repeated and prominent use of Plaintiffs' "F" logo and "FILA" name on the Defendants' goods, their packaging and containers. This "ocular test" is a proper one. *Volkswagenwerk Aktiengesellschaft v. Tatum*, 344 F.Supp. 235, 237 (S.D.Fla.1972), and the Court has considered the likelihood of confusion from the standpoint of the typical buyer of the product. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 389 (5th Cir.1977).

The Court also finds that the Plaintiffs have made a sufficient showing under Rule 65(b), Federal Rules of Civil Procedure, that Plaintiffs and their attorneys have taken steps to avoid giving any notice to the Defendants of this proceeding, and that the giving of notice to the Defendants would be likely to result in the disappearance of the counterfeit FILA goods and related records, or the "dumping" or transfer of the counterfeit goods to unknown third parties, jeopardizing Plaintiffs' ability to prevent irreparable injury, to stop the distribution of counterfeit FILA products, and to determine the source and extent of the Defendants' dealings in the counterfeit FILA products. Plaintiffs have brought to the Court's attention the bourgeoning case law around the country which has recognized and approved as both appropriate and necessary judicial relief the granting of temporary restraining orders without notice, expedited discovery, and similar relief.

Most of these cases are unreported, however, such relief has been granted many times in trademark counterfeiting cases, including to the Plaintiffs here. *See, e.g., Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. DeOcampo et al.*, C–80–1688 (SAW) (N.D.Calif.1980); *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Larracas*, C–80–1816(SAW), (N.D.Cal.1980); *Fimab-Finanziaria Ma-glificio Biellese Fratelli Fila S.p.A. v. Sebelen*, C–81–1058–Civ.Je (S.D.Fla.1981). The weight of authority around the country appears to favor the granting of such *ex parte* relief in trademark counterfeiting cases, where fake versions of well-known brands are deliberately passed off to the public as the genuine article. *See, e.g., Playboy Enterprises, Inc. v. P.K. Sorren Export Company, Inc. of Florida*, C–81–1264–Civ.–CA. (S.D.Fla.1981); *Jordache Enterprises, Inc. v. Mustell Fashions, Calvin Klein Company and Centerfold Industries, Inc. v. Snooty Tooty's*, C–80–2448 (D.C.Kan.1980); *Rock Tours, Ltd. v. Various John Does*, C–80–742 MA (D.Mass. 1980).

Many of these decisions derive from the recognition in the seminal case of *In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979) that "dumping" of counterfeit goods or transfer of counterfeit goods to unknown third parties is a common practice in the counterfeiting industry. *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F.Supp. 248 (S.D.Fla.1982) (same plaintiffs). *See also, NEA Enterprises, Inc. v. Zack's*, 209 U.S. P.Q. 566 (S.D.Fla.1980).

Defendants in such counterfeiting cases often raise spurious, if any, defenses, and have few or no discoverable assets from which a monetary award of damages be satisfied. *See CPC International, Inc. v. Albury Sales Co.*, 504 F.Supp. 549 (S.D. Fla.1980) (fake MAZOLA corn oil), *appeal dismissed* (5th Cir.1981), *appellate opinion reported in* 1 J. Gilson, *Trademark Protection and Practice* § 8.12[15], ("the boll weevil" defense). As the Fifth Circuit stated:

> Consent restraints have been entered but not abided.... While it appears that they [defendants] may have harvested some crop since the litigation commenced, they have infringed another's land in the raising of it and, though under court order to account for its proceeds, they refuse.

Thus, monetary relief is often ineffective and the only effective relief available is frequently by way of an immediate injunction which curtails the damage to the trademark owner in a meaningful and prompt manner.

California, New York and Florida, particularly South Florida, have experienced a rash of counterfeits of famous trademarks. The spectrum of products which have been prey to this contagion appear to be limited only by the perimeters of human imagination. Designer clothing, well-known watches, major credit cards, and even such consumer items as MAZOLA corn oil have been slavishly copied. The public is deceived daily.

■ Plaintiffs also seek immediate discovery prior to a preliminary injunction hearing, to determine the source, magnitude, and distribution of the counterfeit FILA goods. Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time. *Gibson v. Bagas Restaurants*, 87 F.R.D. 60, 62 (W.D.Mo. 1980). Such relief may be granted *ex parte. See K.J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F.Supp. 422, 424 (S.D.N.Y. 1968). Such prejudice is frequently the case where a well-known trademark, such as Plaintiffs here, has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff. This Court reserves ruling on expedited discovery to the hearing hereinafter set.

Although temporary restraining orders without notice and the other relief requested by Plaintiffs should be entered only in the most unusual circumstances in which irreparable harm would otherwise occur, the Plaintiffs make a showing of such circumstances in this case. Therefore,

IT IS HEREBY ORDERED that Defendants HELIO, GONZALEZ, and DAY CASUAL, INC., their partners, subsidiaries, officers, agents, servants, employees, attorneys and those persons or companies in active concert or participation with them, or any of them, be and hereby are temporarily restrained from:

(a) Importing into or exporting to the United States, its territories or possessions, any goods which bear a copy of Plaintiff FILA's "F" logo and/or the name "FILA" or any confusingly similar variations thereon, which goods are not authorized by Plaintiffs for sale in the United States or elsewhere (hereinafter called the counterfeit FILA goods);

(b) Exporting from, or importing into any foreign country from, the United States, its territories or possessions, any counterfeit FILA goods;

(c) Manufacturing, assembling, or participating in the manufacture or assembly of any counterfeit FILA goods;

(d) Infringing Plaintiffs' established proprietary rights in the "F" logo and the name "FILA" and all protectable variations thereof, by further promoting, advertising, publishing or offering for sale, goods which bear a copy of Plaintiff FILA's "F" logo and/or the name "FILA" or any confusingly similar variations thereof;

(e) Otherwise infringing Plaintiff FILA's established proprietary rights at common law and in the above identified Federal and State of Florida registrations granted on the "F" logo;

(f) Competing unfairly with Plaintiffs in any manner by continued use or sale of counterfeit FILA goods or any goods bearing a copy of Plaintiff FILA's "F" logo and/or the name "FILA" or any colorable variations or imitations thereof;

(g) Further damaging Plaintiffs' established goodwill and reputation by diluting the distinctiveness of Plaintiffs' established proprietary rights in the "F" logo and/or the name "FILA" by holding themselves out as having any business relationship with Plaintiffs, or either of them.

(h) Competing unfairly with Plaintiffs by passing off counterfeit FILA goods as genuine goods of Plaintiffs; and

(i) Buying, selling or in any way dealing with counterfeit FILA goods or any

**4**

goods bearing a copy of Plaintiff FILA's "F" logo and/or the name "FILA" or any colorable variations or imitations thereof.

IT IS FURTHER ORDERED that, sufficient cause appearing hereof, personal service of a copy of this Order and the papers upon which it is based delivered to the Defendants, on or before May 2, 1983, by 4 p.m., shall be sufficient notice, and Defendants shall serve on Plaintiffs and file with this Court any opposing papers on or before May 4, 1983, by 4 p.m.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants shall appear at the times indicated hereinafter and shall produce samples of all goods in their possession, custody or control which bear or display Plaintiffs' name "FILA" and/or the "F" logo trademark, together with all documents referring or relating to Defendants' purchases or obtaining of any such goods (whether or not presently in the custody of Defendants) and relating to the sale or other disposition of such goods.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs may, on three days' notice, after May 5, 1983 unless otherwise ordered on said date, take the depositions of and subpoena the non-party witnesses who plaintiffs believe are in possession of information relating to the distribution of the counterfeit FILA goods, whether or not located within this district, and make limited document requests relating to such information and to the counterfeit FILA goods to such witnesses, such as the shippers who have handled transactions involving the counterfeit FILA goods; and

The United States Marshal for this District and persons acting under his supervision shall, on or before May 2, 1983, by 4 p.m., serve the initial process in this action on the Defendants, including but not limited to all Summons, Complaints, Applications, Declarations, Supporting Memoranda and Orders entered by this Court prior to such service, which said service shall be made to the extent possible at the same time the herein Order is served.

The Clerk for this District and, as appropriate, the District of Puerto Rico, is directed to seal the file in this action, so that it is not open to the public, but only until such time as the Defendants, including the John Doe defendants, have been served with initial process.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if, after this order is served on them, Defendants or any of them, obtain the possession, custody or control of any additional quantity of the above-said counterfeit goods, whether by purchase or importation or otherwise, said Defendant or Defendants will immediately notify the Plaintiffs or their attorneys, and retain without sale until further order of this Court.

Defendants HELIO, GONZALEZ and DAY be and hereby are temporarily restrained from communicating in any manner to any third parties concerning the present lawsuit, including its existence or nature, except their own attorneys, plaintiffs' counsel, or the Court and its staff, until plaintiffs have had an opportunity to identify and serve the John Doe defendants, but in no event for more than ten days from the date hereof.

Plaintiffs shall, within forty eight (48) hours, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $2500.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this order and the setting of the Plaintiffs' Application For Preliminary Injunction, which is hereby noticed and shall be heard on May 5, 1983, at 10 a.m., or as soon thereafter as counsel may be heard, in the Federal Courthouse, Courtroom VI, Miami, Florida before the Honorable Alcee Hastings, U.S. District Judge.