**Joseph G. ONDISH, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Defendant.**

**Civ. A. No. 84–2388–C.**

United States District Court, D. Massachusetts.

Dec. 3, 1984.

Michael D. Greenberg, Cambridge, Mass., for plaintiff.

Alan D. Rose, David E. Watson, Eric I. Lisman, Nutter, McClennen & Fish, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action originally filed in Middlesex Superior Court, Commonwealth of Massachusetts by Joseph G. Ondish, a resident of Arlington, Massachusetts against United Parcel Service, Inc. ("UPS"), a foreign corporation. The case was removed to this Court by defendant

and is presently before the Court on the recommendation of Magistrate DeGiacomo that defendant's motion for summary judgment be allowed.

In the complaint, plaintiff alleges that he became an employee of defendant in 1971 and continued as such until stricken with a heart attack while on a picket line in September of 1976. Thereafter, plaintiff went on medical leave pursuant to a contract between his employer and the Teamsters Union of which he was a member. Plaintiff further alleges that he was advised by his doctor in February, 1982 that he was healthy enough to resume his employment and he so notified defendant despite which defendant refused to hire back the plaintiff.

Subsequent to certain union procedures and arbitration, plaintiff resumed working for defendant in January, 1984. In his complaint plaintiff states that on the basis of the foregoing he seeks $80,000 for violation of M.G.L. ch. 149 § 24K which proscribes discrimination against persons solely because of their past handicap. Plaintiff further charges defendant with an implied covenant of good faith.

Defendant moved for summary judgment on the grounds that 1) plaintiff has failed to exhaust contractual remedies available under the terms of the collective bargaining agreement, 2) that plaintiff has failed to allege a breach of the duty of fair representation, and 3) that the action is barred by the statute of limitations set forth in 29 U.S.C. § 160(b). Defendant's motion is supported by affidavit and the matter is presently before the Court on the Magistrate's recommendation that summary judgment be granted.

On the basis of the Magistrate's recommendation, to which no objection was lodged since the filing thereof on October 26 last, and having in mind that in *Price v. United Parcel Service, Inc.*, 601 F.Supp. 2. Memorandum and Order, dated September 20, 1984, Judge Keeton rejected the same argument briefed by the plaintiff herein, i.e. that his claim against UPS is not a claim under § 301 of the Labor Management Relations Act but rather a common law claim under state law for breach of the implied covenant of good faith and fair dealing developed by the Massachusetts courts in employment at will termination cases, I accept the Magistrate's recommendation and rule that the motion for summary judgment should be allowed because of 1) plaintiff's failure to exhaust his remedies under the collective bargaining agreement, 2) plaintiff's failure to allege that his union breached its fair representation and 3) that the action is barred by the applicable statute of limitations.

Order accordingly.